## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

**MICHAEL A. WILLNER**, *et al.*,

*Plaintiffs,*

**v.**

**JAMES DIMON**, *et al.*,

*Defendants.*

Civil Action No. 1:15-cv-01840 (CRC)

### PLAINTIFFS' JOINT MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs, Michael and Marguerite Willner respectfully move the Court to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).

### OVERVIEW

On January 4, 2018, this Court entered a final appealable Order [Dkt. #33] (the "Judgment"), accompanied by a Memorandum Opinion [Dkt. #34] (the "Opinion"), dismissing all claims. Plaintiffs ask the Court to grant this motion to correct clear error or prevent manifest injustice.

**Procedural Background**

On December 13, 2012, Mr. Willner, but not Mrs. Willner, filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court, Eastern District of Virginia (the "Bankruptcy Court"), which stayed a foreclosure sale of the Willners' home (the "Property") that Defendants, US Bank National Association, ("USBank") and JPMorgan Chase Bank, N.A. ("Chase"), had scheduled to take place a few days before Christmas. USBank subsequently filed a proof of claim with the

Bankruptcy Court in the amount of $3,441,397, in which it claimed a right to foreclose on the Property.

Mr. Willner as debtor in possession, and Mrs. Willner, individually, invoked a federal district court's jurisdiction over Mr. Willner's bankruptcy estate by filing a complaint in the Eastern District of Virginia ("EDVa") seeking, in relevant part, declaratory and injunctive relief to prohibit USBank as successor Trustee for the WaMu Mortgage Pass-Through Certificates Series 2006-AR15 Trust ("2006-AR15 Trust"), through its agents, Chase, James Dimon, Chase's CEO, and Select Portfolio Servicing, Inc. ("SPS"); all of whom are also defendants in the present case (together, "the Banks"), from nonjudicially foreclosing on their home.  The crux of the EDVa Complaint was that a note signed by Mr. Willner, but not Mrs. Willner, and a Deed of Trust ("DOT"), signed by both Mr. and Mrs. Willner, are void, voidable, and/or unenforceable.

In dismissing the Willners' claims, the EDVa ruled, in relevant part, that the claims were functionally against USBank's predecessor in interest, Washington Mutual Bank, ("WMB") and, therefore, the court lacked subject matter jurisdiction because the Willners had not exhausted the Federal Deposit Insurance Corporation's ("FDIC") administrative claims process established by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA").  The Willners appealed to the U.S. Court of Appeals for the Fourth Circuit.  They also each filed claims with the FDIC including evidence that their claims against USBank and its agents had not accrued until after the date by which the FDIC required claims against WMB to be filed, the bar date.  Certain claims filed after the bar date, however, could be entitled by statute to administrative review.  "[L]ate-filed claims 'may be considered by the receiver if . . . the claimant did not receive notice of the appointment of the receiver in time to file such claim before [the bar date],' and 'such claim is filed in time to permit payment of such claim.' 12

U.S.C. § 1821(d)(5)(C)(ii).  <u>Alkasabi v. Wash. Mut. Bank, F.A.</u>, 31 F. Supp. 3d 101, 106 (D.D.C. 2014).

The FDIC notified them that it had disallowed their claims as untimely filed, without further explanation, stating in relevant part that, "[t]he FDIC will not consent to any **further administrative review** of this claim determination."  [Dkt. #1, ¶ 199] (emphasis in Amended Complaint).

Having exhausted the administrative review process, the Willners timely filed a complaint in this Court pursuant to FIRREA, 12 U.S.C. §1821(d)(6)(A)(ii).  [Dkt. #1].  The Court stayed the proceedings pending the Fourth Circuit's decision on the Willners' appeal of the EDVa's decision.  In the meantime, Mr. Willner's Plan of Reorganization under his Chapter 11 bankruptcy was confirmed and substantially completed.

The Fourth Circuit subsequently affirmed the EDVa's decision that it did not have jurisdiction to hear those claims that required administrative exhaustion under FIRREA.  The Court then lifted its stay and the Banks filed a motion to dismiss.  The Willners filed an amended complaint adding the FDIC as a defendant and claiming that by disallowing their claims the FDIC violated their constitutional rights to due process, trial by jury, and to have an Article III court adjudicate their claims. [Dkt. #12]. The Banks and the FDIC filed motions to dismiss all causes of action. [Dkt. #20 and #25].  The Willners each filed an opposition to Defendants' motions. [Dkt. #22 and #23].  After extensive briefing, the Court on January 4, 2018 entered both its Judgment [Dkt. #33] and Memorandum Opinion [Dkt. #34].  The Willners now move the Court to alter or amend the Judgment pursuant to Rule 59(e).

**The Court's Opinion**

With regard to the issues relevant to this motion, the Court held that under Rule 12(b)(1) it lacked subject matter jurisdiction to hear the Willners' claims relating to the validity of Mr. Willner's note and DOT and the Banks' right to foreclose on the Property (Counts 1-6). [Dkt. #34 at 8]. In support of its decision, the Court held that the doctrine of issue preclusion prevented it from revisiting the Fourth Circuit's determination that the Willners failed to exhaust FIRREA's administrative process (Id. at 10). The Court also held that the Fourth Circuit's rulings obligated the Court to hold that the Willners' claims did not fall within the late-filed claim exception (Id. at 12-13) and that the FIRREA bar date serves as a mandatory, jurisdictional barrier to the Willners' assertion of their claims in federal court (Id. at 17).

With regard to the Willners' constitutional claims against the FDIC (Counts 7-9), the Court ruled that under Rule 12(b)(6), the Willners failed to state a claim on which relief can be granted. [Dkt. #34 at 17]. Once again relying on issue preclusion, the Court ruled that it was bound by the Fourth Circuit's ruling that so long as the Willners had notice of WMB's receivership, treating the bar date as jurisdictional does not violate due process. Id. at 18.

**Synopsis of Plaintiffs' Rule 59(e) Motion**

Judgments may be reconsidered under Rule 59(e) based on "an intervening change of controlling law, the availability of new evidence, **or the need to correct a clear error or prevent manifest injustice.**" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam, internal quotation marks omitted, emphasis added). The Willners respectfully move the Court to correct a clear error or prevent manifest injustice.

With all due respect, the premise underlying the Court's decision is inaccurate. The Court incorrectly dismissed Counts 1-6 based on the doctrine of issue preclusion despite the fact that

the Fourth Circuit did not determine the same issue raised here because it was not contested by the parties and submitted to the Fourth Circuit, i.e., can the FIRREA bar date be equitably tolled when a party files a claim with the FDIC after the bar date where the claim accrued after the bar date.  In addition, the Fourth Circuit did not "actually and necessarily determine" any issue that conclusively resolved any dispositive issues before the Court.

The Court also incorrectly determined that the Fourth Circuit's ruling -- that the Willners' rights to due process were not violated -- precluded the Court from considering the Willners' claims that their rights to due process and adjudication by an Article III court were violated by the FDIC's application of FIRREA.

## MOTION TO ALTER AND AMEND JUDGMENT

The district court has discretion when determining a Rule 59(e) motion to alter or amend the judgment.  Firestone v. Firestone, supra, 176 F.3d at 1208.

### Failure to Alter or Amend the Judgment which is Based in Part on Clear Error Will Result in Manifest Injustice

The Court's ruling that the bar date cannot be equitably tolled or that Mrs. Willners' claims do not fall within FIRREA's late-filed claim exception due to issue preclusion should be altered or amended in order to correct clear errors.  It was also clear error to rule that the Willners have not been denied their constitutional rights to due process and an adjudication of the claims on the merits by an Article III court.  It would be manifestly unjust to allow the Banks to foreclose on the Willners' multimillion dollar home of 30 years without first giving the Willners their day in court, where reasonable persons in a similar situation would not have known that they were required to file their claims with the FDIC against the Banks' predecessor in interest years before their claims accrued.

**<u>Issue Preclusion Does Not Apply in the Present Case Where the Willners Did Not File Their Claims with the FDIC before Filing Suit in the EDVa, Regardless of the Bar Date</u>**

The ruling by the Fourth Circuit that the EDVa did not have subject matter jurisdiction over the Willners' claims against the Banks because the Willners had not filed their claims with the FDIC **<u>before</u>** filing suit in the EDVa, does not preclude this Court from resolving the separate and distinct issue presented here of whether the Court has subject matter jurisdiction over their claims **<u>after</u>** they were filed with and disallowed by the FDIC.  Also, the issue as to whether Mrs. Willner had actual notice that the FDIC had become the receiver for Washington Mutual Bank prior to the bar date was not actually litigated by the Fourth Circuit.

In addition, the ruling by the Fourth Circuit that the Willners' due process rights were not violated where the EDVa lacked jurisdiction to hear claims that were not first presented to the FDIC, does not preclude this Court from determining the separate and distinct issue of whether the Willners' rights to due process and to be heard by an Article III court were violated when the Willners presented their claims to the FDIC, which disallowed them for being filed after the bar date despite the fact that they accrued after the bar date.

**<u>Issue Preclusion Does Not Prevent the Willners from Litigating Issues that Were Not Contested in a Prior Case</u>**

The Court's dismissal of the Willners' claims was predicated on a finding by the Court that where "the doctrine of issue preclusion requires the Court to accord conclusive effect to the Fourth Circuit's relevant holdings, the Court will dismiss all of the Willners' claims." [Dkt. #34 at 2].   However, issue preclusion does not require the Court to accord the Fourth Circuit's rulings "conclusive effect" where the same issue raised here was not contested by the parties and submitted to the Fourt Circuit for judicial determination.  In addition, the Fourth Circuit did not

actually and necessarily determine the issues raised before the Court, nor were the Fourth

Circuit's holdings dispositive of the issues raised here.

### Issue Preclusion Does Not Apply to the Issue of Equitable Tolling

Issue preclusion requires that the same issue raised here must have been contested by the

parties and submitted for judicial determination in the prior case.  Yamaha Corp. of Am. v.

United States, 295 U.S. App. D.C. 158, 961 F.2d 245, 254 (1992).  The issue raised before this

Court, which is the subject of this motion, is this – where the Willners filed their claims with the

FDIC after the bar date, but prior to filing suit in this Court, and where their claims did not

accrue until after the bar date, should the bar date be equitably tolled to enable the Court to

adjudicate their claims.  This issue was not contested by the parties and submitted for judicial

determination by the Fourth Circuit.

In his opposition to the Banks' motion to dismiss, Mr. Willner argued in relevant part:

> The bar date is essentially a statute of limitations subject to waiver, estoppel,
> and equitable tolling… Thus, where the FDIC disallowed the Willners' post-
> bar date claims as untimely filed, the Willners are entitled to *de novo* review
> in the Court where they may plead and prove equitable reasons for
> noncompliance with the time bar.

[Dkt. #22 at 12-13].  Importantly, the Court opined that if it "had power to consider the question

anew, it might well agree with the Willners." [Dkt. #34 at 14].  Notwithstanding, the Court held

that, "the Fourth Circuit decision resolved this very issue against the Willners, and the Court

must adopt that resolution under the doctrine of issue preclusion." Id. at 15.  In support of its

conclusion, the Court explained in relevant part:

> [T]he Fourth Circuit found it irrelevant that the Willners' claims may not have
> been discoverable until after the bar date because it interpreted FIRREA to
> contain no "discovery rule that tolls claims." … The Fourth Circuit's
> resolution was essential to its ultimate conclusion—**the opposite holding**
> **would have required, as a constitutional matter, that the Willners be**
> **allowed to raise their claims notwithstanding the bar date**….

7

Id. at 16 (emphasis added).   The Court's conclusion, however, is incorrect. The opposite holding

would not have required that the Willners be allowed to raise their claims in the EDVa,

notwithstanding the bar date.

The bar date was irrelevant to the Willners' EDVa case because they did not file their

claims with the FDIC **at all**, regardless of the bar date. Thus, according to the Fourth Circuit,

because the Willners failed to exhaust their administrative remedies prior to filing suit in the

EDVa by not filing their claims with the FDIC, it lacked subject matter jurisdiction. Whether or

not the bar date was jurisdictional was not "actually or necessarily determined" by the EDVa or

the Fourth Circuit.   Thus, the Fourth Circuit's ruling that the EDVa lacked jurisdiction, has no

bearing on whether this Court has subject matter jurisdiction where the Willners in the present

case **did** file their claims with the FDIC before filing suit here. Whether the bar date is

jurisdictional is an issue in this case – it was not in the EDVa case.   And the facts are

significantly different.   Prior to filing suit in the EDVa, the Willners did not file any of their

claims with the FDIC and were perfectly reasonable in believing they had no such obligation to

do so. Whereas in the present case, they did file their claims with the FDIC, thus exhausting the

FIRREA administrative review process, and then properly and timely filed suit in this Court.

### The Fourth Circuit Did Not Have Jurisdiction to Rule on the Willners' Claims Regardless of the Bar Date

The reason the Fourth Circuit did not have jurisdiction to rule on the Willners' claims

was because they had failed to file their claims with the FDIC before filing suit in the EDVa.

Whether they filed before or after the bar date was irrelevant to the determination of the

jurisdictional issue because the Willners hadn't filed at all, and that was enough to support the

conclusion that the EDVa did not have subject matter jurisdiction over the case. The bar date had

no bearing on the resolution of that issue.

The Court cited the Fourth Circuit's opinion in relevant part:

> A plaintiff cannot challenge her failure to exhaust claims with the FDIC on
> due process grounds if she has actual notice that the failed bank is in
> receivership or "kn[ows] enough about the situation to [have] 'inquiry notice'
> as to the details of the administrative process.

[Dkt. #34 at 13].  In the present case, however, the Willners are not challenging a failure to

exhaust claims with the FDIC because they **did** file their claims with the FDIC prior to filing suit

here.  In fact, the Fourth Circuit knew that the Willners had filed their claims with the FDIC after

the EDVa had issued its ruling and, if disallowed, were considering filing suit in this Court.

[Dkt. #1 ¶ 205].  But the Fourth Circuit did not address the issue because Chase argued it lacked

jurisdiction to do so.  Id.  Where it was not "contested by the parties and submitted for judicial

determination" by the Fourth Circuit, issue preclusion does not apply.

During oral argument before the Fourth Circuit, Chase and Dimon argued in relevant

part:

> [T]he courts and the FDIC have both construed [the exception to FIRREA's
> pre-bar date filing requirement] to include later accruing claims, where the
> plaintiff may have been on notice that there was a receivership but had no idea
> that he should file a claim because the claim accrued only later. So in this
> instance, the avenue of relief would be to file a claim [with the FDIC as the
> Willners did] …. [T]he Willners have a remedy, and that remedy is to sue for
> review of [the FDIC's] decision in [the District Court for the District of
> Columbia]… they are obliged to take that step, but the question of whether
> they have done so, is not one that [the Fourth Circuit] has jurisdiction over."

[Dkt. #1, ¶¶ 198, 205.  Thus, the Fourth Circuit was aware that the Willners had filed post-bar

date claims with the FDIC, yet it did not rule that they were barred from pursuing them.

Moreover, its decision was consistent with the arguments presented by Chase and Dimon, i.e.,

that the Willners could file suit in this Court if the FDIC disallowed their claims as untimely

filed.  In short, the Court by statute has jurisdiction over the Willners' claims after they were disallowed by the FDIC, whereas the EDVa did not have jurisdiction because the claims were not filed with, and hence not disallowed by the FDIC before suit was filed in the EDVa.

The Court incorrectly concluded that, "the Fourth Circuit has held that the bar date serves as a mandatory, jurisdictional barrier to their assertion of those claims in **federal court**." [Dkt. #34 at 17] (emphasis added).  However, that is not what the Fourth Circuit held.  Though given the opportunity to broaden the scope of its decision to address the issue of this Court's jurisdiction, the Fourth Circuit instead narrowly decided that the EDVa lacked subject matter jurisdiction over claims that were not first filed with the FDIC.  Thus, the Fourth Circuit's ruling is not dispositive of the issue first presented here, i.e., whether the bar date requirement may be equitably tolled in a situation where the Willners filed claims with the FDIC before filing suit in this Court where said claims did not accrue until after the bar date.

## **The Willners Are Not Relitigating any Legal or Factual Issue Decided by the Fourth Circuit**

The Court held that the doctrine of issue preclusion "bars a plaintiff from relitigating a legal or factual issue that the plaintiff contested and lost in a prior case…" [Dkt. #34 at 11].  The Willners, however, are not seeking to relitigate the issue as to whether the EDVa had subject matter jurisdiction where they did not file their claims with the FDIC prior to filing suit in the EDVa.  Nor are they asking the Court to "review the merits of the prior decision, even if it disagrees with the other court's outcome or reasoning."  Id.

The Court acknowledged that issue preclusion only applies where the issue was "actually and necessarily determined by a court of competent jurisdiction in [a] prior case." Id.  The issue raised here, i.e., whether the bar date could be equitably tolled **where the Willners filed their claims with the FDIC before filing suit in the Court**, was not "actually and necessarily

determined" by the Fourth Circuit because the Willners did not file their claims with the FDIC

before filing suit with the EDVa.

### The Fourth Circuit Did Not Actually and Necessarily Determine that the Bar Date Is Jurisdictional

The issue as to whether the Willners were required to file their claims with the FDIC

**prior to the bar date** in order for the Court to have subject matter jurisdiction upon the FDIC's

disallowance of the Willners' claims, was not "actually and necessarily determined" by the

Fourth Circuit as the doctrine of issue preclusion requires.  See Yamaha Corp. of Am. v. United

States, 295 U.S. App. D.C. 158, 961 F.2d 245, 254 (1992) (issue preclusion applies "when issue

must have been actually and necessarily determined by a court of competent jurisdiction in that

prior case"), citing l, 256 App. D.C. 119, 803 F.2d 1197, 1201 (D.C. Cir. 1986); Restatement

(Second) of Judgments § 27 (1982) ("when an issue of fact or law is actually litigated and

determined by a valid and final judgment, and the determination is essential to the judgment, the

determination is conclusive in a subsequent action between the parties").

Even if Fourth Circuit implied that filing a claim with the FDIC after the bar date

would deprive the EDVa of subject matter jurisdiction, it did not "actually" make that

determination.  In fact, it appears that it agreed with Chase and Dimon that it lacked jurisdiction

to adjudicate the issue. *See supra* at 8.  But even if the Fourth Circuit had actually made that

determination, it was not necessary to reach its decision that the EDVa lacked subject matter

jurisdiction. Where the Willners did not file their claims with the FDIC at **any time** prior to

filing suit in the EDVa, neither before nor after the bar date, it was only essential to the judgment

for the Fourth Circuit to determine that the Willners failed to exhaust their administrative

remedies by not filing any claims with the FDIC before filing suit with the EDVa.

The EDVa lacked jurisdiction because the Willners had not exhausted their administrative remedies prior to filing suit in the EDVa by not filing their claims with the FDIC at all.  The FDIC could not have disallowed the Willners' claims due to their untimely filing, because there was no filing.  By contrast, the Willners **did** exhaust the administrative review process by filing their claims with the FDIC before filing suit here.  Thus, the pivotal issue here is whether the FDIC's disallowance of the Willners' post-bar date claims due to untimely filing justifies equitable tolling – an issue that could not and was not actually and necessarily determined by the Fourth Circuit, nor was any ruling by the Fourth Circuit on a fact or issue of law dispositive of the Willners' claims.

### Applying Issue Preclusion Would Work a Basic Unfairness to the Willners

Issue preclusion does not apply in situations in which it would "work a basic unfairness" to the Willners.  See Yamaha Corp. of Am. v. United States, supra, 961 F.2d at 254.   Fairness is implicated whenever there is risk that "prior proceedings were seriously defective."  There is risk that there was a serious defect in the Fourth Circuit's proceedings.  In fact, the Court identified such risk when it found that the Willners'

> argued persuasively in their opening appellate brief that they "not only lacked sufficient notice to file a timely claim; their claims had not even accrued in time to file a timely claim. Thus, according to the FDIC, the Willners' claims were late the instant they accrued and were, therefore, impossible to bring. That cannot be correct. Yet that is what follows from the district court's dismissal. If the Willner are deprived of their property without "any opportunity to protest— either pre- or post-deprivation," their due process rights will be violated."

[Dkt. #34 at 15] (emphasis added).  The serious defect in the Fourth Circuit's reasoning is its assumption that the Willners' claims were discoverable prior to the bar date though they did not

accrue until after the bar date.[1]  How could claims that did not exist before the bar date be

discoverable before the bar date?  They couldn't be.

Consequently, it would work a basic unfairness to apply issue preclusion in this case

because it would deny the Willners the opportunity to have their claims considered on the merits

simply because they did not realize, and no reasonable person in a similar situation would

realize, that they were required to file their claims with the FDIC before they had sustained any

damages, in fact, before they even knew that they would sustain damages at some future date.

As the Court acknowledged, "[t]he Fourth Circuit's holding was avowedly 'severe,…'" [Dkt.

#34 at 16].

### Issue Preclusion as Applied to this Case violates the FIRREA Venue Provision

Under FIRREA, 12 U.S.C.S. § 1821(d)(6)(A), the venue provision, only two federal

district courts in the country had jurisdiction to hear the Willners' claims after they were

disallowed by the FDIC – this Court and the U.S. District Court for the Western District of

Washington (WMB's headquarters).

> FIRREA provides for de novo judicial review of the FDIC's determinations of
> administrative claims. *See* 12 U.S.C. § 1821(d)(6) [which] provides that the U.S.
> District Court for the District of Columbia (or the district court for the district
> where the failed bank has its principal place of business) shall have jurisdiction
> over claims that are disallowed by the FDIC…"

Alkasabi v. Wash. Mut. Bank, F.A., 31 F. Supp. 3d 101, 106-07 (D.D.C. 2014) (internal

citations omitted).  The Court dismissed every claim by according conclusive effect to the

Fourth Circuit's holdings, thus effectively relinquishing its exclusive jurisdiction over the

Willners' claims to the EDVa and the Fourth Circuit.

---

[1] The Fourth Circuit did not find that the Willners' claims accrued before the bar date.  The
Willners' allegations in their EDVa complaint and in the Amended Complaint here, that they
suffered no injury until well after the bar date, must be taken as true for purposes of a motion to
dismiss.

It would work a basic unfairness and, therefore, issue preclusion does not apply, to allow the Willners' FIRREA claims to be effectively decided by a court other than the one required by federal law and based on an interpretation of the law that differs from this Court's interpretation and harms the Willners.  Moreover, the Court should not enable claimants to circumvent § 1821(d)(6)(A) by filing their claims in other courts and then relying on issue preclusion to effectively restrict this Court's jurisdiction.[2]

### Issue Preclusion Does Not Apply to the Fourth Circuit's Finding of Fact that Was Not Actually Litigated and which Contradicted Allegations in the Complaint

The Court ruled that Mrs. Willners' claims do not fall within the statute's exception for late filed claims, 12 U.S.C. § 1821(d)(5)(C)(ii)(I),[3] because the issue was "conclusively resolved by the Fourth Circuit.  Specifically by finding that the Willners had actual notice of WMB's receivership well before the bar date, the Fourth Circuit has established that their claims do not fall within the statutory exception." [Dkt. #34 at 12-13].  However, the Fourth Circuit's "finding" was not based on evidence that Mrs. Willner had actual notice of the FDIC's receivership of WMB prior to the bar date.  In fact, it improperly contradicted the factual allegations in the complaint which must be taken as true in the context of a motion to dismiss and where all inferences must favor the party opposing the motion to dismiss.  Feldman v. FDIC, No. 17-5009,

---

[2] The Willners did not attempt to circumvent this Court's jurisdiction -- They want the Court to have jurisdiction. When the Willners filed their claims in the EDVa they were unaware of their obligation to file with the FDIC, as a reasonable person in a similar situation would be, where USBank had never been in receivership and had purchased Mr. Willner's Note from WMB two years before it went into receivership.

[3] § 1821(d)(5)(C)(ii)(I) "[L]ate-filed claims 'may be considered by the receiver if . . . the claimant did not receive notice of the appointment of the receiver in time to file such claim before [the Claims Bar Date],' and 'such claim is filed in time to permit payment of such claim.'"  Alkasabi v. Wash. Mut. Bank, F.A., 31 F. Supp. 3d 101, 106 (D.D.C. 2014)

2018 U.S. App. LEXIS 781, at *8 (D.C. Cir. Jan. 12, 2018).   (See the Complaint in the EDVa

case, Case 1:14-cv-01708-CMH-TRJ, ECF Dkt. #1, ¶¶ 170, 190) ("Chase sent Mr. Willner a

letter, dated October 10, 2008, regarding the Note… Chase agents refused to speak to Mrs.

Willner because she was not a borrower on the Note.").  See also the Amended Complaint in this

case, ¶ 107 ("In October 2008 Chase notified Mr. Willner, but not Mrs. Willner, that it had

acquired the right to service the Loan from the FDIC.")

        In deciding the issue of pre-bar date notice to Mrs. Willner of the FDIC's receivership of

WMB, the Fourth Circuit improperly concluded that, "In October 2008, the Willners received

notice that the Office of Thrift Supervision had closed WMB and appointed the FDIC as

receiver."  Willner v. Dimon, 849 F.3d 93, 100 (4th Cir. 2017).  It also stated, "[h]ere, the

Willners had actual notice that WMB was in receivership prior to the 'bar date.'"  Id. at 111.

However, there was nothing in the record to support this conclusion.   Where the Fourth Circuit

merely presumed a material fact that was not actually litigated and which, in fact, contradicted

the factual allegations in the complaint, issue preclusion does not require the Court to abide by

the Fourth Circuit's improper conclusion.  See Paley v. Estate of Ogus, 20 F. Supp. 2d 83, 91

(D.D.C. 1998) ("[E]ven though the Court of Appeals deemed defendants' factual assertion to be

conceded and decided the legal issue … the Court concludes that the issue was not 'actually

litigated' and thus issue preclusion does not apply ….").

## Mrs. Willner Did Not Receive Actual Notice of the FDIC's Receivership

        The publication of notice of the FDIC receivership in newspapers of general circulation is

not sufficient to overcome the inference from the allegations in the Amended Complaint here,

that Mrs. Willner did not receive actual notice of the FDIC receivership.  [Dkt. #1, ¶ 107]. The

D.C. Circuit recently noted:

> To the extent the district court concluded Feldman was ineligible under FIRREA's late-filed exception because she "received adequate notice of the receivership," *Feldman*, 568 B.R. at 549, as a result of the FDIC's publication of Washington Mutual's failure and receivership, appellate courts have been loath to conclude that inquiry notice as a result of publication of a receivership would suffice to bar claims under FIRREA.

Feldman, supra, 2018 U.S. App. LEXIS 781, at *11.

Where the Amended Complaint in this case alleges that Mrs. Willner did not receive actual notice of the FDIC receivership from Chase because it only sent a notification letter to Mr. Willner, the Court should not conclude that Mrs. Willner had actual notice of the FDIC receivership prior to the bar date.[4] In Feldman, supra, the D.C. Circuit concluded that notice of the FDIC's receivership and bar date, which was published in newspapers of general circulation, was not sufficient to find actual notice where the plaintiff was entitled to the benefit of reasonable inferences from the allegations in the amended complaint and the record before the district court. Id. at *13.

Based on the foregoing, Mrs. Willners' claims fit within FIRREA's late-filed claim exception because she did not receive notice of the appointment of the receiver in time to file her claims before the bar date. Consequently, her claims should not have been dismissed.

## Issue Preclusion Does Not Apply to the Willners' Due Process and Article III claims

For similar reasons that issue preclusion does not apply to the issue of equitable tolling, it does not apply to the Willners' claims of constitutional right violations. The constitutional issues

---

[4] This Court also made an error of fact and law when it began its Opinion with, "Plaintiffs Michael and Marguerite Willner defaulted on a $3 million refinancing loan that they obtained in 2006 from the now-defunct Washington Mutual Bank." [Dkt. 34 at 1]. First, according to the Amended Complaint, the factual allegations of which must be taken as true in the context of a motion to dismiss, Marguerite Willner did not sign the note, so she could not have defaulted on the underlying loan. [Dkt. #1, ¶ 50]. Second, the Court cannot conclude that the Willners defaulted on the loan because that requires a determination on the merits of their claims, which the Court could not make where it ruled it lacks subject matter jurisdiction.

raised before the Court that are the subject of this motion are these – where the Willners filed claims with the FDIC after the bar date (which they did not do before filing suit in the EDVa) where such claims accrued after the bar date, and if the Court truly lacks subject matter jurisdiction under FIRREA, did the FDIC's disallowance of their claims as untimely filed violate the Willners' rights to due process and/or to be heard by an Article III Court.

### Issue Preclusion Does Not  Require the Court to Dismiss the Willners' Due Process Claims

The Willners' due process claims in the present case were not "actually and necessarily determined" in the Willners' prior case and, therefore, issue preclusion does not apply.  <u>See Yamaha</u>, <u>supra</u>, 961 F.2d at 254.  Nor was any ruling by the Fourth Circuit in the prior case dispositive of the Willners' due process claims in this case. This Court incorrectly concluded that the Fourth Circuit held that "treating the bar date as jurisdictional does not violate due process." [Dkt. #34 at 17-18].  However, the Fourth Circuit did not rule that the bar date was jurisdictional. It only ruled that the Willners had notice that the FDIC had become WMB's receiver prior to the bar date [Dkt. #34 at 13] and that it was "irrelevant that the Willners' claims may not have been discoverable until after the bar date." [Dkt. #34 at 16].

What the Fourth Circuit actually treated as jurisdictional was the fact that the Willners failed to exhaust their administrative remedies before filing suit with the EDVa, regardless of the bar date.  [Dkt. #34 at 13].  And, this Court acknowledged that there is a distinction between "FIRREA's exhaustion process [which] is mandatory and jurisdictional, and … the bar date itself [which if treated] as jurisdictional could violate due process if a party had no meaningful opportunity to raise a claim with the FDIC before the bar date." [Dkt. #34 at 14].

But, even if the Fourth Circuit's ruling implies that the bar date was jurisdictional, that is far different from "actually" determining the issue.  Where issue preclusion only applies to an

issue that was "actually and necessarily determined by a court of competent jurisdiction in [a] prior case" (see *supra* at 9), the Court is not required to accord preclusive effect to the Fourth Circuit's ruling.

And even if we were to accept the argument that the Fourth Circuit actually ruled that the bar date was jurisdictional, issue preclusion would still not apply because such determination was not "necessary" to the decision that the EDVa lacked jurisdiction.  Regardless of the bar date, the Willners did not file their claims with the FDIC before filing suit in the EDVa.  That fact alone was sufficient for the Fourth Circuit to rule that the Willners' due process rights were not violated.  Whether the Willners failed to file their claims before the bar date or after the bar date was irrelevant – the dispositive issue was that they did not file any claims with the FDIC before filing suit in the EDVa, neither before nor after the bar date.

In addition, the Fourth Circuit's ruling on the due process issue, if adopted by the Court under issue preclusion, would not be dispositive of the due process issue presented here.  In the EDVa case, despite the fact that the court granted the Banks' motion to dismiss, the Willners still had an opportunity to seek judicial review by filing their claims with the FDIC and then, if disallowed, seeking *de novo* review in this Court.  Thus, where they still had the option to have their claims determined on the merits, there was no due process violation.  By contrast, in the present case where the Court granted the Defendants' motions to dismiss, the Willners have no option for judicial review.  In sum, the Fourth Circuit's ruling on due process is not conclusive of the due process claim before this Court because in the previous case the Willners still had an opportunity to seek judicial review after their case was dismissed, but where the Court has ruled it lacks jurisdiction, the Willners now have no opportunity for judicial review of their claims.

The Court noted, "treating the bar date itself as jurisdictional could violate due process if

a party had no meaningful opportunity to raise a claim with the FDIC before the bar date." [Dkt. #34 at 14].  "Arguably, the D.C. Circuit's concerns extend to claims that were not reasonably discoverable until well after the bar date passed—if the bar date were not tolled, claimants would have no opportunity to raise those claims with the FDIC or in a federal court." [Dkt. #34 at 15]. This Court found persuasive the Willners' argument on appeal to the Fourth Circuit that due process would be violated where the Willners "had no reasonable opportunity to submit a claim for administrative review, given that they were disallowed the moment they were filed." Id.

### Issue Preclusion Does Not  Require the Court to Dismiss the Willners' Article III Claim

Even if this Court were precluded from ruling on the issue of due process, the Fourth Circuit's ruling does not preclude the Court from holding that the Willners' rights to have their claims adjudicated by an Article III court would be violated if the Court lacks subject matter jurisdiction due to the FDIC's disallowance of claims that accrued after the bar date.

 The Court held that Article III is not violated where claimants are guaranteed "an *opportunity* for judicial review of certain claims but allows for restrictions on that opportunity, including subjecting plaintiffs to strict administrative exhaustion requirements." [Dkt. #34 at 18] (emphasis in original).  It noted that, "FIRREA's process has been repeatedly upheld in the D.C. Circuit despite the fact that noncompliance with the process forecloses judicial review." Id.  In the present case, however, the Willners **did** comply with FIRREA's administrative review process, yet they had no opportunity for judicial review of their claims on the merits.

When the Fourth Circuit ruled that the EDVa lacked subject matter jurisdiction, the Willners had not complied with FIRREA's "strict exhaustion requirements" because they had not filed their claims with the FDIC prior to filing suit in the EDVa.  [Dkt. #1, ¶ 199].  By contrast,

in the present case, the Willners **did** file their claims with the FDIC before filing suit here thus exhausting the administrative review process.

As the D.C. Circuit suggested, the bar date itself is not jurisdictional.  [Dkt. #34 at 14]. Rather, it is in the nature of a statute of limitations which should be equitably tolled where the Willners' claims accrued after the bar date.  As argued above, either the Fourth Circuit did not actually rule that the bar date was jurisdictional or if it did, such ruling was not necessary to its decision that the EDVa lacked subject matter jurisdiction because the Willners had not filed their claims with the FDIC at all, regardless of the bar date.  Thus, the Court is not precluded from adjudicating the Article III issue because the Fourth Circuit's decision regarding the jurisdictional import of the bar date, if, <u>arguendo</u>, it did rule on that point, was not necessary to its determination that the Willners had not exhausted their administrative remedies prior to filing suit in the EDVa.

By contrast, in the present case, the Willners **did** file their claims with the FDIC before filing suit here. Yet, if the Court truly lacks subject matter jurisdiction according to its interpretation of FIRREA, and if the Willners' due process rights were not violated, then the FDIC's decision to disallow their claims, which accrued after the bar date, worked to deprive them of their right to be heard by an Article III court.  "Article III 'safeguards the role of the Judicial Branch in our tripartite system by barring congressional attempts 'to transfer jurisdiction [to non-Article III tribunals] for the purpose of emasculating' constitutional courts." <u>Ward v. Rutherford</u>, 287 U.S. App. D.C. 246, 921 F.2d 286, 287 (1990) (brackets in original).  The Willners have a "right to have claims decided by judges who are free from potential domination by other branches of government." <u>Id.</u> citing <u>United States v. Will</u>, 449 U.S. 200, 218, 66 L. Ed. 2d 392, 101 S. Ct. 471 (1980).

The Fourth Circuit did not consider the issue presented here, i.e., was the FDIC required to make a determination of the Willners' claims which accrued after the bar date, thus giving the Willners the opportunity to seek judicial review by an Article III court upon the FDIC's disallowance.  The Fourth Circuit did not consider this issue because the Willners had not filed their claims with the FDIC prior to filing suit in the EDVa, had not filed suit against the FDIC, and had not challenged the deprivation of their right to be heard by an Article III court.

In addition, none of the issues "actually and necessarily" determined by the Fourth Circuit were dispositive to the Article III question presented here.  "Under D.C. law, issue preclusion generally prevents parties from re-litigating issues of fact or law decided in an earlier proceeding … under circumstances where the determination was essential to the judgment, and not merely dictum." Hurd v. District of Columbia, 864 F.3d 671, 680 (D.C. Cir. 2017) citing Davis v. Davis, 663 A.2d 499, 501 (D.C. 1995).   Even if, arguendo, the Fourth Circuit determined that the bar date was jurisdictional (and if it did, it certainly did not do so expressly) it was dictum because it was not essential to the judgment.  It was sufficient to find that the EDVa lacked jurisdiction because the Willners failed to file their claims with the FDIC at all prior to filing suit in the EDVa, regardless of the bar date. Consequently, the Court should not have dismissed the Willners' Article III claim based on issue preclusion.

### Conclusion: Rule 59(e) Relief is Appropriate

The Court should alter or amend its judgment in this matter pursuant to Rule 59(e) because there has been clear error or it would be manifestly unjust to allow the Banks to take the Willners' home without giving them the opportunity to be heard, especially where the Court has held that it prefers to resolve claims on the merits rather than dismiss them on formalities.  See, e.g., Person v. District of Columbia, 642 F. Supp. 2d 24, 28 n.5 (D.D.C. 2009).

21

## **PRAYER**

Plaintiffs pray that the Court grant their motion to alter or amend judgment and to review their claims on the merits.

Dated: January 31, 2018                    Respectfully submitted,

Michael A. Willner, *pro se*
D.C. Bar No. 376299
11521 Potomac Rd.
Lorton, VA 22079
Telephone:  (703) 489-0913
Email:  mikewillner1@gmail.com

Marguerite Evans Willner, *pro se*
11521 Potomac Rd.
Lorton, VA 22079
Telephone:  (703) 550-2791
Email:  marguerite.willner@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on January 31, 2018, a copy of this document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have noticed their appearance in this action.

__/s/ Michael A. Willner_____
Michael A. Willner